## COTTON CONCENTRATION CO. v. FIRST NAT. BANK OF McGREGOR et al. (No. 6611.)

(Court of Civil Appeals of Texas. Austin. June 8, 1922.)

Appeal and error ⬤�longdash⟩811—Discretionary to advance hearing on appeal from order overruling plea of privilege.

It is a matter addressed to the sound discretion of the court as to whether an appeal from an order overruling a plea of privilege should be advanced in order to secure an early determination of the preliminary question and to avoid the possibility of a useless trial on the merits.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by the First National Bank of McGregor and others against the Cotton Concentration Company. From an order overruling defendant's plea of privilege, it appeals, and moves to advance and set down for early submission. Motion granted, and cause advanced.

BRADY, J. A motion has been filed by appellee bank to advance this cause and to set it down for early submission. The appeal is from an order overruling appellant's plea of privilege. The grounds of the motion are that the amount involved is large, and the note sued on long past due, that the suit was filed in December, 1921, and that unless this appeal is advanced there will be a long delay in procuring a trial upon the merits, which trial itself might prove to be futile according to the result of the appeal from the interlocutory order.

There is no statute of which we are aware authorizing this appeal to be advanced as a matter of right, but the matter rests within the sound discretion of the appellate court. While we have held, and we believe correctly, that under article 1903,

Vernon's Civil Statutes, 1918 Supplement, where an appeal has been taken from an order overruling a plea of privilege, the plaintiff has the right to proceed to a trial on the merits, pending the appeal from such order, we recognize that the question may be involved in some doubt. But, even if the plaintiff is entitled to a trial on the merits pending such appeal, we think it is a matter addressed to the sound discretion of the court as to whether we should advance a cause of this character in order to secure an early determination of the preliminary question, and to avoid the possibility of a useless trial on the merits. We have concluded that it would promote justice and tend to avoid confusion and unnecessary expense to litigants to advance a cause of this character, and to dispose of it speedily. The policy involved seems to be analogous to appeals from interlocutory orders in injunction suits and other similar controversies, and appears to be committed to our discretion.

For the reasons indicated, the motion is granted, and the cause is advanced on the docket, and set for submission as noted on the motion docket.